UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TOWNSEND,<br>Petitioner,<br>v.<br>SUPREME COURT OF CALIFORNIA,<br>Respondent. | No. 2:26-cv-02878-CKD P<br><br><u>ORDER</u> |

William Townsend, a state prisoner proceeding without counsel, filed a document styled as "Motion for Judicial Notice…" which the court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner also filed a motion to proceed in forma pauperis. Examination of the in forma pauperis application indicates petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a). However, the court is unable to complete the required preliminary review of the petition because it does not comply with Rule 2(c) of the Rules Governing Section 2254 Cases.

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4's standard, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260

F.3d 1039, 1043 (9th Cir. 2001).

Rule 2 of the Rules Governing Section 2254 Cases requires that such a petition "specify all the grounds for relief which are available to the petitioner [and] state the facts supporting each ground[.]" The Advisory Committee's Notes to Rule 4 explain that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

Here, the petition is presented on a state court form and fails to clearly identify petitioner's grounds for relief with supporting facts for each ground for relief. The court is unable to clearly discern what claim or claims petitioner is attempting to bring and the underlying factual allegations. Thus, the petition will be dismissed for failure to comply with Rule 2(c) and petitioner will be granted leave to file an amended petition that clearly specifies the grounds for relief and states adequate facts supporting each ground.

In accordance with the above, IT IS ORDERED as follows:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. The petition is dismissed with leave to amend.

3. Within 30 days of the date of this order, petitioner shall file either an amended petition for writ of habeas corpus using the form provided or a notice of voluntary dismissal; failure to respond to this order will result in a recommendation to dismiss this action.

4. An amended petition must bear the title "Amended Petition" and the case number assigned to this action.

5. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Dated: November 24, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 town2878.dism.lta.2c